In the Matter of MARCELINO GARCIA, Respondent, v FEDERAL INSURANCE COMPANY, Appellant.

Second Department, January 30, 1978

APPEARANCES OF COUNSEL

*William R. Brick Jr.,* for appellant.

*Portnoy & Rubin (Melvin Rubin* of counsel), for respondent.

### OPINION OF THE COURT

LATHAM, J.

#### THE FACTS

On July 3, 1976, the claimant, respondent Marcelino Garcia, was involved in a one-car accident when the car he was operating went over a curb, crossed a lawn and ran into the side of a house. The car was insured by appellant, Federal Insurance Company. Garcia filed a claim and Federal began to make no-fault payments.

While making the payments, Federal conducted an investigation and concluded that Garcia had been intoxicated at the time of the accident. Federal's policy contained a clause which excluded no-fault coverage where the injuries are sustained by a person who was driving while intoxicated. Such an exclusion is permitted by section 672 (subd 2, par [b]) of the Insurance Law. Therefore, on October 10, 1976, Federal sent Garcia a denial of claim form and requested the return of the $5,602.72 which it had already paid. The claimant then demanded arbitration pursuant to section 675 of the Insurance Law.

At the arbitration hearing Federal was prepared to prove that Garcia had been driving while intoxicated, but Garcia claimed that, under the provisions of section 672 (subd 2, par [b]) of the Insurance Law, Federal was only permitted to exclude coverage of one who had been *convicted of driving while intoxicated pursuant to the provisions of section 1192 of the Vehicle and Traffic Law.* In order to avoid a protracted hearing involving potentially irrelevant testimony, the parties stipulated that, for the purposes of the hearing, it would be

conceded that Garcia had been intoxicated at the time of the accident. The question then presented to the arbitrator was whether a criminal conviction of driving while intoxicated is required before a claimant could be excluded from benefits pursuant to section 672 (subd 2, par [b]) of the Insurance Law.

The arbitrator determined that the insurer's disclaimer could be asserted only if the claimant had been convicted of driving while intoxicated. Accordingly, the arbitrator awarded full no-fault benefits to Garcia. Federal then moved pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) to vacate the award. The Supreme Court denied the application and Federal appeals.

### THE SCOPE OF REVIEW

■ ■ In reviewing arbitration awards, the general rule which developed in decisions involving voluntary arbitrations is that an arbitrator's award will not be vacated merely because it was legally incorrect (see *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377). Only where the arbitrator's award was completely irrational will a court vacate it *(Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578). Courts reasoned that since both parties had freely chosen to submit their dispute to arbitration, the unsatisfied party should not be permitted to undo the arbitrative process by seeking the judicial review which both parties had agreed to forego in the first instance.

As compulsory arbitration statutes proliferated, however, courts were faced with the question whether due process requires some minimum scope of judicial review if litigants were denied access to courts in the first instance by State law (Note, 51 St John's L Rev 604). In New York this question was first presented in *Mount St. Mary's Hosp. of Niagara Falls v Catherwood* (26 NY2d 493), in which a hospital challenged the constitutionality of section 716 of the Labor Law, which requires arbitration when labor negotiations between voluntary hospitals and their employees break down. The hospital claimed that although it could be compelled to arbitrate its differences with the union, due process requires that there be a meaningful review of the arbitrator's award in a court of competent jurisdiction. The hospital argued that CPLR 7511 (subd [b], par 1, cl [iii]) did not provide for an adequate review because, under the applicable cases, the arbitrator's award could be overturned only if it was "totally irrational".

■ ■ The Court of Appeals, in an opinion by Judge (now

Chief Judge) BREITEL, agreed that the judicial review of compulsory arbitration must be broader than that of voluntary arbitration, because the parties to voluntary arbitration waive their due process right to judicial review, while the parties to compulsory arbitration do not. In defining the proper scope of review the court examined the function of the arbitrator in compulsory arbitration and concluded that it is analogous to that of an administrative law Judge. Accordingly, the court concluded that administrative law standards apply in reviewing compulsory arbitration awards. The court then held that although CPLR 7511 was drafted to apply to voluntary arbitration, an expanded interpretation of that section would permit the appropriate review of compulsory arbitration awards, holding (p 508): "On this view, CPLR 7511 (subd. [b]), in authorizing review of whether the arbitrator has exceeded his power, by necessary logical extension and without distortion of its literal terms includes review in the case of compulsory arbitration (but only in such case) *of whether the award is supported by evidence or other basis in reason,* as may be appropriate, and appearing in the record." (Emphasis supplied.)

Applying this standard, the question here presented is whether there is a rational basis for the conclusion that section 672 (subd 2, par [b]) of the Insurance Law limits the insurance company's right to exclude coverage to cases in which the claimant has been convicted of a charge of driving while intoxicated.

## THE STATUTORY SCHEME

Subdivision 2 of section 672 of the Insurance Law provides, in part, as follows: "2. An insurer may exclude from coverage required by subdivision one a person who (a) intentionally causes his own injury; (b) is injured as a result of operating a motor vehicle while in an intoxicated condition or while his ability to operate such vehicle is impaired by the use of a drug (within the meaning of section eleven hundred ninety-two of the vehicle and traffic law)".

Section 1192 of the Vehicle and Traffic Law provides, in part, as follows: "3. No person shall operate a motor vehicle while he is in an intoxicated condition." Subdivision 5 of that section prescribes criminal penalties for the violation of section 1192.

THE LAW

There is no express requirement in paragraph (b) of subdivision 2 of section 672 of the Insurance Law that a criminal conviction must be had in order to entitle an insurer to disclaim under that provision. Such a requirement could easily have been expressed by simply permitting an insurance company to disclaim coverage of any individual whose injury stems from conduct for which he has been convicted under section 1192 of the Vehicle and Traffic Law. Moreover, it is likely that such an important requirement would have been directly expressed within the no-fault insurance statute.

■ ■ Instead, the plain meaning of the no-fault coverage statute suggests that a conviction is not required in order for an insurer to disclaim. After stating that an insurance company may disclaim where the claimant was driving while intoxicated, paragraph (b) of subdivision 2 of section 672 of the Insurance Law modifies that provision with the parenthetical phrase "within the *meaning* of section eleven hundred ninety-two of the vehicle and traffic law" (emphasis supplied). That reference does not incorporate the entire statutory provision; rather, it incorporates the meaning of section 1192 of the Vehicle and Traffic Law, but without its penal effect. In effect, it incorporates the definition of intoxication contained in section 1192 of the Vehicle and Traffic Law and makes that definition the basis of a no-fault disclaimer. Thus, a claimant may be denied benefits if he was driving while intoxicated *within the meaning of section 1192* of the Vehicle and Traffic Law. While a conviction under that statute will certainly have evidentiary value, it is not a substantive requirement of section 672 of the Insurance Law.

■ Moreover, the requirement of a conviction would create such major problems that the disclaimer provision would be rendered unworkable and unfair. The first of these problems involves the differing quantum of proof in civil and criminal cases. The insurance policy is a civil contract and civil rules of evidence should apply in its interpretation. If a conviction under section 1192 of the Vehicle and Traffic Law is required, the insurer will have to prove the intoxication beyond a reasonable doubt. This is not consistent with the remainder of subdivision 2 of section 672 of the Insurance Law, where, for example, an insurer can disclaim if it can prove by a fair preponderance of the credible evidence that the claimant intentionally caused his own injury (Insurance Law, § 672,

subd 2, par [a]). This would place an unreasonable burden upon the insurer, especially when it is remembered that the individual with the most knowledge as to the facts of the intoxication need not even take the stand in his criminal prosecution, lest he incriminate himself.

Furthermore, the insurer must rely upon the local prosecutor to obtain a conviction for driving while intoxicated. In certain counties the prosecutor may have the time and resources to prosecute under section 1192 of the Vehicle and Traffic Law. However, in the more crime-ridden counties, the District Attorney may be forced to forego the prosecution of those offenses in order to prosecute more serious crimes. Therefore it may become difficult, if not impossible, to exercise the right to disclaim under section 672 (subd 2, par [b]) of the Insurance Law and the effect of that provision may be totally vitiated.

Finally, a District Attorney may exercise prosecutorial discretion and choose not to prosecute where the interests of justice suggest leniency. Therefore, if a conviction under section 1192 of the Vehicle and Traffic Law is required as an element of the no-fault disclaimer, such a disclaimer would be available only in random instances without regard to its legal merit.

There is, therefore, no rational basis for the conclusion that an insurance company may only disclaim no-fault coverage upon proof that the claimant has been convicted under section 1192 of the Vehicle and Traffic Law. Neither the plain meaning of the statute, nor the policy behind it, supports this interpretation. The arbitration having been compulsory and there having been a clear violation of law, it is here held that the award is reviewable by the court. The order of the Supreme Court should be reversed and the petition to vacate the arbitrator's award granted.

HOPKINS, J. P., RABIN and MARGETT, JJ., concur.

Judgment of the Supreme Court, Suffolk County, dated May 19, 1977, reversed, on the law, petition granted, and arbitration award vacated, without costs or disbursements.