OPINION OF THE COURT
John A. Monteleone, J.
Upon the foregoing papers the motion by petitioner, the Hartford Insurance Group, for an order pursuant to CPLR 7511 vacating and setting aside an arbitrator’s award in favor of the respondent herein (hereinafter referred to as claimant), is granted to the extent hereinbelow stated.
On July 23, 1976 the claimant was involved in an automobile accident while in the course of his employment. He made application for no-fault first-party benefits with his employer’s no-fault insurer, the petitioner herein, and submitted in con *958 nection therewith a medical bill in the amount of $795, along with a claim for lost earnings. A "Denial of Claim” was thereafter issued. The reason assigned by petitioner for the denial of claim with respect to the afore-mentioned medical bill was that "[T]his is a workmen’s compensation claim and claimant is entitled to benefits from workmen’s compensation carrier which is excludable under No-Fault”.
On February 27, 1978, pursuant to notice of hearing dated February 3, 1978, the matter was arbitrated. At the arbitration hearing the petitioner consented to so much of the arbitrator’s award as related to lost earnings, having received "clarification” and "verification” of lost earnings from the claimant’s employer. What remained in dispute was the medical claim for $795.
Under section 671 (subd 1, par [a]; subd 2, par [b]) of the Insurance Law the claimant would be entitled to reimbursement for all reasonable and necessary expenses incurred for medical services as a result of injury sustained in the accident, less amounts "recovered or recoverable” on account of such injuries under State or Federal laws providing Social Security disability benefits, or workmen’s compensation benefits. On this score the claimant’s attorney in his affirmation in opposition to the instant motion states that "It was brought to the arbitrator’s attention that the Respondent [i.e., claimant] could not hope to recover the $795.00 from the workmen’s compensation carrier because Dr. Parnés apparently took the position that he had treated the Respondent [claimant] under the 'No Fault’ law and he did not treat him as a workmen’s compensation case and he apparently never sent bills or reports to the State Insurance Fund, the workmen’s compensation carrier involved.” It is stated in connection therewith that there was submitted to the arbitrator a letter from the State Insurance Fund dated July 8, 1977 which advised claimant’s attorney that "Although Dr. Parnés’ name is in the file, we have received no bills or medical reports from him and consequently we have paid out nothing.” Claimant’s attorney states that he also brought to the attention of the arbitrator the regulations adopted by the Superintendent of Insurance implementing the Comprehensive Auto Insurance Reparation Act with respect to personal injuries sustained before December 1, 1977. Particular reference was made in this regard to section 65.6 (p) (3) of title 11 of the Official Compilation of Codes, Rules and Regulations of the State of New York to the *959 effect that if the workmen’s compensation carrier denies liability for payment of benefits in whole or in part, the insurer responsible for the payment of first-party benefits must pay without deducting the withheld workmen’s compensation benefits.
Based on the foregoing, the arbitrator on February 27, 1978 rendered a decision which awarded to the claimant, in addition to the sum of $269.81 in lost earnings, the sum of $795 in medical expenses, as well as awarding $200 to claimant’s attorney as and for a "reasonable” attorney’s fee. The arbitrator’s opinion states, in part: "Claimant has also proven medical expenses in the sum of $795.00 which is due and owing to [Dr. Parnés]. The fact that the Workmen’s Compensation Carrier has not paid this bill and/or is an obligation of the Workmen’s Compensation Carrier is not relevant herein.”
The petitioner’s instant motion seeks vacatur of that portion of the arbitrator’s award which obligates it to pay $795 to claimant for medical expenses and $200 to claimant’s attorney.
Since administrative law standards apply in the review of arbitration awards rendered in proceedings which are in the nature of compulsory (as distinguished from voluntary) arbitration proceedings, such as here involved, the question here presented for review is whether there is a rational basis for so much of the arbitrator’s decision as required payment of the claimant’s medical claim by petitioner (see Matter of Garcia v Federal Ins. Co., 61 AD2d 236).
In the opinion of this court there is no rational basis for the arbitrator’s decision obligating petitioner to pay the claimant’s medical claim in the sum of $795, and it is the court’s view that the award to claimant’s attorney should be modified accordingly. The controlling statute (Insurance Law, § 671) plainly indicates that the no-fault insurer has no obligation to pay a medical claim which is recoverable as a workmen’s compensation benefit. As stated in Grello v Daszykowski (58 AD2d 412, 415, n 2): "The use of the term 'recoverable’ indicates that the no-fault insurer may deduct the amount of such benefits upon a mere showing of their availability; the right of the insurer to deduct is not contingent upon their actual receipt. In essence, the Legislature has made the workmen’s compensation carrier the primary carrier. An injured party may not, therefore, 'elect’ between workmen’s compensation benefits and no-fault benefits.”
*960 The instant petitioner correctly notes, therefore, that if a case is one in which a workmen’s compensation claim could be made and the claimant refuses to do so, then the no-fault carrier should not be made to suffer because of claimant’s inaction. There is no warrant for construing the letter dated July 8, 1977 from the workmen’s compensation carrier, the State Insurance Fund, as a denial of liability for payment of the medical claim, in the absence of evidence that application had been made for the payment of the medical claim as a workmen’s compensation benefit and that the claim had been rejected.
Accordingly, the arbitrator’s award is modified to the extent of vacating so much thereof as obligates petitioner to pay claimant’s alleged medical expenses in the sum of $795, and reducing to $125 the amount which the arbitrator awarded to respondent’s attorney. This determination is without prejudice to renewal of the claim against petitioner for payment of the medical expenses in question upon a showing by the claimant that application has been made for payment of the medical claim in question, under workmen’s compensation, and that there has been a disclaimer of liability for such payment by the workmen’s compensation carrier.