OPINION OF THE COURT
Alexander Chananau, J.
Claimants move to confirm in part the award and report of *478 the arbitrator and to reverse and disaffirm that part of the award and decision of the arbitrator which declined to make an award for certain medical benefits and which held that claimants must first seek their recovery from the compensation carrier. The respondent cross-moves to confirm the arbitrator’s award.
This is a case arising out of an automobile accident which occurred on July 5, 1974 in which claimants were injured in the course of their employment, while passengers in the motor vehicle owned and operated by their employer, which was in collision with the vehicle of a third party. At the root of the controversy presented is the issue of whether the employee is exclusively relegated to the legal remedies available under and flowing from section 11 of the Workers’ Compensation Law, or whether the more recently enacted no-fault legislation (Insurance Law, art 18, § 671) shall apply, under which first-party benefits, which include reimbursement of reasonable and necessary medical benefits, are made available to a victim of a motor vehicle accident.
The arbitrator in rendering his decision on May 19, 1978 determined that the exclusivity of remedy provision of section 11 of the Workers’ Compensation Law required that he abdicate determination of that part of the claim under no-fault. However, on May 11, 1978, the Court of Appeals in Ryder Truck Lines v Maiorano (44 NY2d 364, 369) unanimously ruled "that the entitlement of the employee to first-party no-fault benefits is to be determined in arbitration”. Thus the arbitrator’s decision is in conflict with the rule of law expressed in Ryder.
The issue presented on this motion and cross motion is whether the arbitrator’s decision, based on a mistake of law, is within the scope of permissible judicial review.
Various grounds for judicial review are set forth in CPLR 7511, none of which, however, address themselves to the issue presented herein.
There has, however, evolved a body of judicial precedent which has addressed itself to the expansion of the scope of judicial review. A fundamental distinction has been found depending on whether the arbitration proceeding was voluntary or compulsory. Thus, in Garcia v Federal Ins. Co. (61 AD2d 236, 240) the court held that "the judicial review of compulsory arbitration must be broader than that of voluntary arbitration, because the parties to voluntary arbitration *479 waive their due process right to judicial review, while the parties to compulsory arbitration do not.” the standard of review in compulsory arbitration cases only is "whether the award is sustained by evidence or other basis in reason, as may be appropriate, and appearing in the record.” (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 508.)
The breadth of the legal issues raised herein are analyzed and discussed in a learned and extensive article by my colleague Mr. Justice Di Fede (Arbitration Under No Fault Law, — Syracuse L Rev — [1978]), which, in summarizing the holding in Garcia v Federal Ins. Co. (supra) concludes that in compulsory arbitration the scope of review was that of administrative standards, which means in effect that the award must be supported by substantial evidence based on the whole record, and that while in a voluntary arbitration an award will not be vacated on the ground that it was legally incorrect, a different standard applies in reviewing an award resulting from "compulsory arbitration.”
The standards cited of the permissible scope of judicial review of the arbitrator’s decision herein are thus preserved to this court as expressed in the cases cited.
The challenge of movant herein is directed to the incorrect application of the law to the case by the arbitrator. The court recognizes that the arbitrator, at the time of the decision, was faced with the legal dilemma of whether to apply section 11 of the Workers’ Compensation Law, literally, or grant claimant the benefits afforded by the no-fault law. His problem was exacerbated by the omission of the Legislature in failing to reconcile the apparent conflicting aspects of the Workers’ Compensation Law and the no-fault law. This has led to divergent and at times inapposite decision in similar cases. It has also caused this State’s highest court to declare that corrective legislation is indicated (Matter of Granger v Urda, 44 NY2d 91).
In the absence of statutory change, the court in Ryder Truck Lines v Maiorano (44 NY2d 364, 372, supra) declared: "We judge the adoption of article 18 of the Insurance Law to have been intended to effect a major modification of former liability for negligence. It worked, pro tanto, a replacement of the former system of liability based on fault by a new no-fault liability. In the broad substitution of one system for another, we do not find evidence of legislative intention to effect a *480 refined integration of the new no-fault program with the existing workmen’s compensation program. (Cf., e.g., Matter of Granger v Urda, 44 NY2d 91.) Rather, the evidence is that both programs are self-standing, with no consciously intended harmonization between them. It may be that the Legislature will now wish to or should consider integration of the two programs; it suffices for the disposition of the present appeal to conclude that it has not yet done so. Thus, the benefits under each program are at present independently available, except as expressly otherwise provided in section 671 (subd 2, par [b]) of the Insurance Law.”
As the controversy between the parties herein clearly falls within the scope of the issues presented for arbitration, the court sees no bar, under the authority set forth in Ryder Truck Lines v Maiorano (44 NY2d 364, supra), to a determination in the arbitration forum of the employee’s claim to first-party benefits from his employer, the provisions of section 11 of the Workers’ Compensation Law, notwithstanding.
That part of the arbitrator’s decision which declined to make an award to claimant for medical bills and directing claimant to seek recovery under the Workers’ Compensation Law is hereby vacated and set aside as having no basis in law and the same is hereby remanded to the arbitrator for a determination and a rehearing, if necessary, as to the amount of benefits to be awarded to the claimant under the no-fault law for medical bills and expenses. In all other respects, the arbitrator’s decision is affirmed.
The respondent’s cross motion to confirm the decision of the arbitrator is, of course, denied accordingly.