■　In the Matter of ROY A. BAILEY, Respondent, v STATE WIDE INSURANCE COMPANY, Appellant.—In a proceeding by the State Wide Insurance

Company to vacate an arbitration award, in which the petitioner-claimant cross-moved to confirm the award, the insurer appeals from (1) a judgment of the Supreme Court, Nassau County, dated May 19, 1978, which denied its application and granted the cross motion and (2) so much of an order of the same court, dated July 11, 1978, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order granting reargument. Order reversed insofar as appealed from, on the law, without costs or disbursements, the claimant's cross motion to confirm the award is denied and the insurer's application to vacate the award is granted. The claimant was the owner of both a car registered in New York and insured by appellant, and a truck registered in New Jersey and insured by the Public Service Mutual Insurance Company. The New York policy provided no-fault protection and the New Jersey policy did not, because New Jersey barred no-fault coverage for commercial vehicles. On December 6, 1976 the claimant was injured in New Jersey while he was a passenger in his own truck when his vehicle was cut off by a second car and hit a guardrail. He sought to collect under his New York no-fault policy and when appellant refused to pay he demanded compulsory arbitration. The arbitrator awarded the claimant compensation and Special Term confirmed this award. We reverse and vacate the award. The policy obtained by the claimant from appellant defined an "eligible injured person" as follows: "Eligible Injured Person. An eligible injured person is: (a) any person who sustains a personal injury arising out of the use or operation of the insured motor vehicle while not occupying another motor vehicle; or (b) the named insured or any relative who sustains a personal injury arising out of the use or operation of an uninsured motor vehicle while not occupying another motor vehicle with respect to which the requirements of Article VI or VIII of the New York Vehicle and Traffic Law have been satisfied, provided that: (i) in the case of a named insured, the uninsured motor vehicle is not owned by the named insured; and (ii) in the case of a relative, the uninsured motor vehicle is not owned by the named insured or such relative." The claimant does not qualify under this definition. The injury did not arise out of the use or operation of the insured motor vehicle, and thus subdivision (a) is inapplicable. Subdivision (b) is also inapplicable because only an internally inconsistent reading of the language therein could qualify the claimant for benefits, and this court cannot condone such a reading. There are two requirements in subdivision (b) which pertain to the claimant: (1) the injury must arise out of the use or operation of an uninsured motor vehicle; and (2) the uninsured motor vehicle cannot be owned by the named insured. If the New Jersey truck is considered uninsured because of the unavailability of no-fault coverage in New Jersey, then the claimant is disqualified because he is the owner of the uninsured vehicle. If the claimant is considered the owner of an insured vehicle because the truck did carry liability insurance and simply did not have no-fault coverage, then he is disqualified because the injury did not arise out of the use or operation of an uninsured motor vehicle. It is certainly unfortunate that the claimant does not have a remedy available to him under the peculiar circumstances of this case, but this court cannot allow an inconsistent reading of the clear language of the policy. The claimant cannot expect compensation on his New York policy for an accident which has no meaningful connection to New York. The failure of New Jersey to provide for no-fault coverage in circumstances such as these cannot open up access to the funds available under the New York no-fault law simply because the victim of the accident owns a car registered

and insured in New York. Accordingly, we must conclude that the arbitrator's award is not " *'supported by evidence or other basis in reason,* as may be appropriate, and appearing in the record' " (see *Matter of Garcia v Federal Ins. Co.,* 61 AD2d 236, 240). Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.