*883 OPINION OF THE COURT
Sidney Leviss, J.
This is an application by petitioner pursuant to CPLR 7511 to vacate the master arbitrator’s award, to reinstate the expedited arbitrator’s award, and for attorney’s fees.
On March 14, 1978, petitioner was operating a motor vehicle owned by another person when he was involved in a collision with another motor vehicle. The parties have stipulated that the motor vehicle operated by petitioner was uninsured at the time of the accident and that petitioner had no knowledge that the vehicle was so uninsured. Petitioner applied to the respondent Motor Vehicle Accident Indemnification Corporation (hereinafter "MVAIC”) for first-party benefits pursuant to section 621-a of the Insurance Law. Contending that the petitioner was legally ineligible for those benefits, respondent refused to make payment. As a result, petitioner demanded arbitration pursuant to subdivision 2 of section 675 of the Insurance Law. The expedited arbitrator determined that petitioner was entitled to no-fault benefits from respondent. Respondent, in accordance with the statute (Insurance Law, § 675, subd 2), appealed to a master arbitrator. The master arbitrator vacated and set aside the expedited arbitrator’s award and thereafter denied petitioner’s claim for no-fault benefits.
The issue before this court is whether the determination by the master arbitrator "is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record” (Mount St. Mary’s Hosp of Niagara Falls v Cather-wood, 26 NY2d 493, 508; see, also, Garcia v Federal Ins. Co., 61 AD2d 236).
The master arbitrator held that inasmuch as petitioner was admittedly driving an uninsured motor vehicle, he was not a "covered person” under the definition of that term provided in article 18 (Insurance Law, § 671, subd 10) and was thus not entitled to first-party no-fault benefits. This conclusion is unsupported by any basis in reason.
The statutory construction given the Insurance Law by the master arbitrator is in total conflict with and in complete derogation of the plain and unambiguous language of the statute under which this claim was brought (Insurance Law, § 621-a, subd 2). That statute provides for MVAIC to pay "first party benefits to a qualified person for basic economic loss *884 arising out of the use or operation in this state of an uninsured motor vehicle” (emphasis supplied); and that a qualified person who has complied with all the applicable requirements of article 17-A shall "be deemed to be a covered person” (emphasis added).
Therefore, once it is demonstrated that the claimant is a qualified person as defined in subdivision b of section 601 of the Insurance Law and that the claimant has complied with all applicable requirements of article 17-A, such person is considered a "covered person” and is given those rights of a "covered person” under article 18 of the Insurance Law. In the present case there is no doubt that petitioner is a "qualified person” as defined in the statute. He is a resident of the State and he was neither the owner of an uninsured vehicle, nor the passenger spouse of the owner, nor his legal representative. Nowhere in the statutory definition of qualified person is there an exclusion for an operator of an uninsured vehicle who is not the owner. Thus, the court finds that in accordance with the unambiguous language of the statute (Insurance Law, § 621-a) petitioner is entitled to be paid by respondent for his basic economic loss incurred as a result of the accident.
This does not mean, however, that the same applicant would also be eligible to collect benefits from MVAIC for noneconomic loss or excess of basic economic loss. The statute in issue herein (Insurance Law, § 621-a, subd 2) clearly provides that a covered person is given "only such rights as a covered person may have under article eighteen,” and MVAIC has "only those rights and obligations which are applicable to an insurer subject to article eighteen” (emphasis added).
Accordingly, the court finds that whereas the master arbitrator’s decision is without basis in reason, said award should be vacated and the expedited arbitrator’s award is to be reinstated.
The attorney for petitioner is also entitled to a fee for the reasonable value of his services in connection with both the proceeding before the master arbitrator and this current application (James v Criterion Ins. Co., 59 AD2d 907). On settlement of the judgment, the petitioner’s attorney is directed to submit an affidavit documenting the time spent on these matters.