■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [604 NYS2d 119] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered August 28, 1991, as denied the petition to stay arbitration with respect to demands for reimbursement of pay-

ments made six years or less prior to the demand for arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the petition to stay arbitration is granted in its entirety.

On November 6, 1983, a pedestrian was struck by a vehicle. Nationwide Mutual Insurance Company (hereinafter Nationwide) was listed as the insurer of the vehicle; however it denied coverage, asserting that that policy had been canceled prior to the date of the accident. Given Nationwide's disclaimer, the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) paid no-fault benefits and tort damages to the injured pedestrian. On March 20, 1991, MVAIC challenged Nationwide's cancellation of the policy, and commenced arbitration proceedings to recover no-fault and tort damages paid. Nationwide petitioned the court for a stay of arbitration on the ground that MVAIC's claims were barred by the Statute of Limitations. The Supreme Court found that only claims for payments made over six years earlier were time-barred.

We conclude that the three-year Statute of Limitations is applicable because MVAIC's claims fall under the principle of subrogation (see, Matter of Nationwide Mut. Ins. Co. v MVAIC, 190 AD2d 798; see also, Seven Sixty Travel v American Motorists Ins. Co., 98 Misc 2d 509, 512; Country Wide Ins. Co. v Osathanugrah, 94 AD2d 513, affd 62 NY2d 815). The Statute of Limitations should be measured from the date of the accident, not the date of payment, since MVAIC's claims sounding in subrogation are derivative in nature and therefore subject to the same Statute of Limitations as the tort causes of action, as if the claim had been brought by the injured pedestrian (see, Matter of Nationwide Mut. Ins. Co. v MVAIC, supra; see also, Seven Sixty Travel v American Motorists Ins. Co., supra, at 513; 16 Couch, Insurance 2d § 61:234, at 292). Accordingly, since MVAIC's demands were asserted more than three years after the date of the accident, Nationwide's petition for a stay of arbitration should have been granted in its entirety. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.