OPINION OF THE COURT
 

 Levine,. J.
 

 Two questions are presented by this appeal. First, we are
 
 *218
 
 called upon to determine substantively what Statute of Limitations applies to a cause of action to recover payments of first-party benefits by respondent Motor Vehicle Accident Indemnification Corporation (MVAIC), against the insurer of a vehicle who denied no-fault coverage, and when the applicable period of limitations begins to run. Second, we are asked to determine the effect of the decision of appellant Aetna Casualty and Surety Company (Aetna) to initially raise its Statute of Limitations defense in an arbitral forum, rather than moving to stay the arbitration proceeding and obtain preliminary judicial review of that defense
 
 (see,
 
 CPLR 7502, 7503 [b]), upon its application to vacate arbitration awards in which the Statute of Limitations may have been erroneously applied.
 

 On February 10, 1989, following a two-car collision in New York City, two passengers riding in one of those vehicles sustained personal injuries. Prior to the date of the accident, the owner of the host vehicle had obtained insurance under an automobile liability policy provided by Aetna. The two passengers claimed no-fault benefits
 
 (see,
 
 Insurance Law § 5103) and Aetna denied coverage, asserting that its policy with the vehicle’s owner had been canceled on September 26, 1988.
 

 As a result of Aetna’s denial of coverage, the passengers each served notice of intention to make claim for no-fault benefits upon MVAIC, on March 17, 1989 and April 20, 1989 respectively. MVAIC made a series of payments to one claimant totalling $22,817.53 from August 11, 1989 through November 11, 1991 and to the other claimant totalling $17,798.64 from August 11, 1989 through November 19, 1990.
 

 On October 20, 1992, MVAIC commenced compulsory arbitration proceedings against Aetna pursuant to 11 NYCRR 65.10
 
 (see,
 
 Insurance Law § 5105 [b]; § 5221 [b] [6]) seeking reimbursement in the amount of $50,257.20 for allocated expenses and no-fault benefits paid to the claimants. Aetna appeared in the arbitration proceeding and submitted "Amended Contentions” which raised for the first time the defense that MV AIC’s demand for arbitration was untimely because it was made more than three years from the date of the accident. The arbitrator rendered written awards which resolved all issues in favor of MVAIC, ordering full reimbursement of the payments to both passengers in the insured vehicle. When MVAIC did not receive payment within 30 days, it commenced a proceeding in Supreme Court to confirm the awards pursuant to CPLR 7510. Aetna opposed the application to confirm and sought a vacatur of the arbitrator’s awards pursuant to CPLR
 
 *219
 
 7511 (b) on the ground that MV AIC’s claims were time-barred, having been made more than three years after the date of the accident.
 

 Supreme Court confirmed the arbitrator’s awards, concluding that the arbitrator necessarily rejected Aetna’s contention that MV AIC’s claims were untimely. Supreme Court determined that the three-year limitations period in CPLR 214 (2) for statute-based causes of action applied to the instant action and that MV AIC’s claims accrued when it made no-fault benefit payments to the claimants. The court reasoned that because MV AIC’s demand was served on Aetna within three years from the date it
 
 completed payment
 
 to each of the claimants, arbitration was timely commenced pursuant to CPLR 214 (2). The Appellate Division unanimously affirmed (222 AD2d 292), and we granted leave.
 

 I. The Applicable Statute of Limitations and the Date of Its Commencement
 

 The no-fault scheme embodied in article 51 and the rights given MVAIC under article 52 of the Insurance Law to avail itself of the no-fault carrier responsibility-shifting features of sections 5105 and 5221 (b) (6), as implemented by the Insurance Department regulations
 
 {see,
 
 11 NYCRR 65.10, 65.15), statutorily set forth the basis of its right to recover against an insurer who wrongfully denies coverage or is found primarily obligated to pay first-party benefits to the injured party. Section 5105 provides that,
 

 "[a]ny insurer liable for the payment of first-party benefits to or on behalf of a covered person * * * which another insurer would otherwise be obligated to pay pursuant to [sections 5103 (a) or 5221] of this chapter
 
 has the right to recover the amount paid from the insurer of any other covered person
 
 to the extent that such other covered person would have been liable * * * to pay damages in an action at law” (Insurance Law § 5105 [a] [emphasis supplied]).
 

 {See also,
 
 Insurance Law § 5105 [b]; § 5221 [b] [6] [directing compulsory arbitration where a dispute arises between insurers as to which of them is responsible for providing no-fault benefits]; § 5221 [b] [1] [stating that MVAIC "shall also provide for the payment of first party benefits to a qualified person for basic economic loss arising out of the use or operation in this state of an uninsured motor vehicle”]; § 5221 [b] [3] [specifically
 
 *220
 
 equating MVAIC to an "insurer” for purposes of article 51 of the Insurance Law].)
 

 MVAIC contends that, despite the statutory basis for its obligations and remedies under the no-fault system, the six-year contract action Statute of Limitations (CPLR 213 [2]) is applicable to this action because MVAIC has stepped in to fulfill Aetna’s obligations under its contract of insurance covering the accident vehicle, i.e., payment of first-party benefits to the injured passengers in that vehicle. MVAIC also argues that CPLR 213 (2) governs because its rights against Aetna are grounded in quasi-contract indemnification. There are precedents for applying the six-year breach of contract Statute of Limitations under both rationales (see,
 
 Hanover Ins. Co. v Fleisher,
 
 96 AD2d 881;
 
 Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.,
 
 78 AD2d 176).
 

 Aetna contends that the applicable Statute of Limitations is set forth under either CPLR 214 (2) (three-year limitations period arising out of liabilities created or imposed by statute) or CPLR 214 (5) (three-year limitations period for actions to recover damages for a personal injury). In either case, Aetna maintains that MV AIC’s right to recover its payments of no-fault benefits is in the nature of subrogation, and MVAIC may only assert the rights each injured party is entitled to assert against the primary insurer. Thus, since the covered parties’ claims arose as a result of the injuries they sustained in the accident, Aetna’s position is that MV AIC’s cause of action accrued upon the date of the accident. Precedent also exists to support this reasoning
 
 (see, Matter of Nationwide Mut. Ins. Co. v Motor Vehicle Acc. Indem. Corp.,
 
 198 AD2d 358;
 
 Transamerica Ins. Co. v Lumbermen’s Cas. Ins. Co.,
 
 77 AD2d 5,
 
 lv denied 53
 
 NY2d 602).
 

 The issue of the applicable Statute of Limitations here is largely governed by the rationale of our decision in
 
 Aetna Life & Cas. Co. v Nelson
 
 (67 NY2d 169).
 
 Aetna Life & Cas. Co.
 
 involved an insurer’s assertion of the right to recover payment of no-fault benefits as a lien upon the proceeds of its insured’s recovery in a personal injury action against the third-party tortfeasor. Such a lien was one of the statutory recoupment remedies provided in former Insurance Law § 673 (2). In
 
 Aetna Life & Cas. Co.,
 
 we contrasted: (1) claims which, although provided for in a statute, merely codify or implement an existing common-law liability, which are not governed by CPLR 214 (2) but by the Statute of Limitations applicable to their common-law sources; with (2) claims which, although akin to
 
 *221
 
 common-law causes, would not exist but for the statute (67 NY2d, at 174,
 
 supra),
 
 in which case CPLR 214 (2) applies.
 

 We held in
 
 Aetna Life & Cas. Co.
 
 that the no-fault insurance carrier’s statutory lien fell into the latter category, so that the three-year Statute of Limitations of CPLR 214 (2) applied (67 NY2d, at 173-175,
 
 supra).
 
 Even though the no-fault insurer’s means of recoupment in that case bore aspects of a restitution rationale, we reasoned that "the No-Fault Law does not codify common-law principles; it creates new and independent statutory rights and obligations in order to provide a more efficient means for adjusting financial responsibilities arising out of automobile accidents”
 
 (id.,
 
 at 175).
 

 So too here. MV AIC’s obligation to pay no-fault benefits to an injured party where the accident vehicle’s insurer denies such coverage is purely statutory, established under the no-fault scheme. MVAIC itself is a statutory creation
 
 (see,
 
 Insurance Law § 5203 [a]-[c]) and the rights conferred upon it under articles 51 and 52 of the Insurance Law to avail itself of the loss-transfer and responsibility-shifting provisions of the No-Fault Law arise only by statutory enactment or departmental regulations
 
 (see,
 
 Insurance Law §§ 5105, 5221 [b] [6]; 11 NYCRR 65.10, 65.15). MV AIC’s ability to recover benefit payments and its duty to pay the same rests on "predicates independent of the fault or negligence of the injured party”
 
 (see, Aetna Life & Cas. Co. v Nelson, supra,
 
 at 175). Thus, MV AIC’s obligation to pay the claimants’ first-party benefits and its entitlement to reimbursement from Aetna were both created or imposed by statute, but for which they would not exist. Hence, the three-year Statute of Limitations (CPLR 214 [2]) applies.
 

 We also conclude that, when as here, MVAIC is entitled to recover payments of no-fault benefits from the primary insurer, the three-year limitations period in CPLR 214 (2) begins to run upon the initial payment to the claimants. Generally, the applicable Statute of Limitations is triggered once a cause of action accrues (CPLR 203 [a];
 
 see also,
 
 1 Weinstein-Korn-Miller, NY Civ Prac 203.01, at 2-83). A cause of action accrues, for the purpose of measuring the period of limitations, "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court”
 
 (Aetna Life & Cas. Co. v Nelson, supra,
 
 at 175). Moreover, an action to recover for a liability created or imposed by statute is "required to be instituted according to the language of the statute generating the liability”
 
 (Safeco Ins. Co. v Jamaica Water Supply Co.,
 
 83 AD2d 427, 432,
 
 affd
 
 57 NY2d 994).
 

 
 *222
 
 Contrary to the apparent determination of the arbitrator, explicitly adopted by the courts below, we conclude that MVA-IC’s right to recover from Aetna accrued not when MVAIC rendered the last of its payments to the claimants but, rather, when the first payment was made. By its terms, the No-Fault Law grants MVAIC a statutory right to recover the amount paid from the insurer of another covered person to the extent that such other covered person would have been liable to pay damages
 
 (see,
 
 Insurance Law § 5105 [a]). Here, when MVAIC made its first payment to the claimants, all of the facts necessary to afford MVAIC a right to recovery were in existence
 
 (see, Aetna Life & Cas. Co. v Nelson, supra).
 
 Thus, when MVAIC undertook its statutory obligation to provide compensation and thereafter made the first payment of no-fault benefits to each of the claimants as a result of Aetna’s wrongful disclaimer, its cause of action accrued at that point, and with it the period of limitations commenced
 
 (see, Safeco Ins. Co. v Jamaica Water Supply Co.,
 
 83 AD2d, at 432,
 
 supra).
 

 Our determination that MVAIC’s cause of action accrued when it made the first payment to the claimants is consistent with the legislative policy reflected in the numerous provisions of the No-Fault Law which provide for the prompt disposition of claims and the swift resolution of priority of payment issues
 
 (see,
 
 Insurance Law § 5208 [a]; 11 NYCRR 65.12, 65.10 [d] [1] [authorizing insurer seeking reimbursement of first-party benefits from another insurer under sections 5105 or 5221 (b) to "make such request as soon as reasonably practicable”];
 
 see also,
 
 12A Couch, Insurance 2d § 45:673, at 300-301 [rev ed]; 70 NY Jur 2d, Insurance, § 1556). Therefore, since MVAIC made the first payment to each claimant on August 11, 1989, and did not make its demand for compulsory arbitration until October 20, 1992, the three-year Statute of Limitations had actually run as to that payment and as to all other payments made more than three years before the date of the demand.
 

 II. Effect of Aetna’s Submission of the Statute of Limitations Issue for Resolution in the Compulsory Arbitration Proceeding
 

 In asserting its Statute of Limitations defense, Aetna failed to avail itself of its opportunity to have the issue of timeliness decided judicially pursuant to CPLR 7503 (b), which permits an application to stay arbitration on the grounds that the claim sought to be arbitrated is time-barred
 
 (see,
 
 CPLR 7502 [b]). CPLR 7502 (b) further provides that the failure to assert the limitations bar "shall not preclude its assertion before the arbitrators” and, "[e]xcept as provided in subdivision (b) of sec
 
 *223
 
 tion 7511, such exercise of discretion by the arbitrators shall not be subject to review by a court on an application to confirm, vacate or modify the award.” Thus, while CPLR 7502 (b) states that the arbitrators’ decision to apply the Statute of Limitations is generally insulated from judicial review, the phrase
 
 "[ejxcept as provided in subdivision (b) of section
 
 7511” makes it clear that our review is not completely foreclosed (emphasis supplied).
 

 In this action, Aetna submitted the Statute of Limitations issue to the arbitrator and now seeks to invoke the defense absolutely in its motion to vacate the award (CPLR 7511 [b]). Aetna’s attempt to, in effect, obtain two de novo unqualified considerations of its Statute of Limitations defense must fail. CPLR 7511 (b), setting forth the grounds for vacatur of an arbitrator’s award, does not contain a counterpart to CPLR 7503 (b)’s authorization to stay arbitration because the Statute of Limitations has run on the claim. The Statute of Limitations may be an independent, per se ground to
 
 vacate
 
 an award
 
 only
 
 when asserted by a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate
 
 (see,
 
 CPLR 7511 [b] [2] [iv]).
 

 An arbitration award made after all parties have participated, however, will not be overturned merely because the arbitrator committed an error of fact or of law
 
 (see, Matter of Silverman [Benmor Coats],
 
 61 NY2d 299, 308,
 
 rearg denied sub nom. Norris v Cooper,
 
 62 NY2d 803). Moreover, where the arbitration is pursuant to the voluntary agreement of the parties, in the absence of proof of fraud, corruption, or other misconduct, the arbitrator’s determination on issues of law, such as the application of the Statute of Limitations, as well as fact, is conclusive
 
 (see, Sherrill v Grayco Bldrs.,
 
 64 NY2d 261).
 

 Here, however, the obligation to arbitrate arises not through voluntary agreement, but through statutory mandate
 
 (see,
 
 Insurance Law § 5105 [b]; § 5221 [b] [6]). Where arbitration is compulsory, our decisional law imposes closer judicial scrutiny of the arbitrator’s determination under CPLR 7511 (b)
 
 (see, Mount St. Mary’s Hosp. v Catherwood,
 
 26 NY2d 493;
 
 Matter of Furstenberg [Aetna Cas. & Sur. Co.
 
 — Allstate
 
 Ins. Co.],
 
 49 NY2d 757). To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious
 
 (Matter of Furstenberg [Aetna Cas. & Sur. Co.],
 
 supra;
 
 Matter of Central Gen. Hosp. v Hanover Ins. Co.,
 
 49 NY2d 950;
 
 Matter of Garcia v Federal Ins. Co.,
 
 46 NY2d 1040,
 
 revg
 
 61 AD2d 236).
 

 
 *224
 
 Thus, in the matter before us, the arbitrator’s rejection of Aetna’s Statute of Limitations defense, and its implicit determination of the applicable limitations period and accrual date, are subject to judicial review under an arbitrary and capricious standard.
 

 As we have shown, the limitations period and the time of commencement applicable to a demand for compulsory arbitration pursuant to Insurance Law § 5105 were unsettled and subject to conflicting court decisions. In addition to the judicial decisions previously cited herein as support for the parties’ respective arguments, still other examples reflect the inconsistent limitations periods and accrual dates that have been applied in related actions
 
 (see generally, Matter of Nationwide Mut. Ins. Co. v Motor Vehicle Acc. Indent. Corp.,
 
 190 AD2d 798,
 
 lv denied
 
 82 NY2d 651;
 
 Matter of Pacific Ins. Co. v State Farm Mut. Auto. Ins. Co.,
 
 150 AD2d 455;
 
 Micha v Merchants Mut. Ins. Co.,
 
 94 AD2d 835). Indeed, in this very case the courts below agreed that the limitations period did not commence until the benefits payments to the claimants were complete. Consequently, we cannot say, as a matter of law, that the arbitrator’s decision was arbitrary and capricious or unsupported by any reasonable hypothesis and, thus, the awards cannot be overturned in the courts even though under this decision, it entailed an erroneous application of the Statute of Limitations.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed, with costs.