■ In the Matter of the Arbitration between WHALE SECURITIES Co., L.P., Appellant, and RAYMOND GODFREY, Respondent. [705 NYS2d 358] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered on or about June 14, 1999, which, in a CPLR article 75 proceeding arising out of the default on a promissory note, dismissed the petition to confirm the arbitral award rendered by the National Association of Securities Dealers, Inc. (NASD) and granted respondent's cross motion to the extent of vacating the award and remanding to NASD for further proceedings before a different arbitration panel, unanimously reversed, on the law, with costs, the petition reinstated, the arbitral award confirmed, and the cross motion to vacate the award denied.

The motion court erred in concluding that the arbitration at issue was "compulsory" rather than "voluntary," thereby

providing a broader than usual scope of judicial review. An arbitration is not "compulsory" such as to confer a broader scope of judicial review unless the obligation arises out of a statutory mandate (*Matter of MVAIC v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223). Here, the parties were obligated by their written agreement to arbitrate the matter. Since the obligation arose out of a voluntary agreement, it was not "compulsory," and the award was not subject to a broader scope of review (*supra*).

The decision whether to grant or refuse an adjournment is within the sound discretion of the arbitrators (*Matter of Herskovitz [Kaye Assocs.]*, 170 AD2d 272, 274, *lv dismissed* 78 NY2d 899; CPLR 7506 [b]), and the arbitrators may hear and determine a controversy upon the evidence produced, notwithstanding the failure of a party duly notified to appear (CPLR 7506 [c]). Here, the arbitration panel did not abuse its discretion in rejecting respondent's third request for an adjournment and in rendering a decision in the absence of an appearance by respondent on the last hearing date. The record reveals that respondent was not precluded from submitting affidavits or a written closing statement at the last hearing date when his attorney could not be present. In fact, respondent rejected the representation of an associate from his counsel's firm who was thoroughly familiar with the matter, had been present during all prior hearings, and was a competent lawyer. Respondent was given every opportunity to present his evidence and arguments but chose not to do so. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.