OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that the petition is granted insofar as it sought to vacate the arbitrator’s award, the cross petition to confirm the award is denied, and matter remanded for arbitration before a different arbitrator; as so modified, affirmed without costs.
Pursuant to the mandatory arbitration provisions of Insurance Law § 5105, petitioner State Farm Mutual Automobile Insurance Company, as subrogee of Dennis Shannon, filed a demand for arbitration on September 28, 1998 seeking reimbursement for no-fault payments it made to its subrogor, by checks dated September 1, 1995 through August 9, 1996. Following two arbitration hearings, Arbitration Forums, Inc. twice denied the claim on the ground that the statute of limitations had expired. State Farm commenced a special proceeding to vacate the arbitrator’s awards. The court below twice granted its request and remanded the matter for new hearings before different arbitrators. State Farm sought arbitration for a third time and, following the hearing, Arbitration Forums, Inc., in April 2002, again dismissed the claim on the aforementioned statute of limitations ground. State Farm then filed the instant petition to vacate the April 2002 arbitrator’s award, and sought sanctions against Arbitration Forums, Inc. By order entered August 7, 2002, the court granted Eagle Insurance Company’s cross petition to confirm the award and denied State Farm’s petition to vacate same, finding that it was not based on one of the limited grounds upon which such an award may be vacated pursuant to CPLR 7511 and that the arbitrator applied the correct statute of limitations.
The Civil Court determined, upon granting State Farm’s first and second petitions and remanding the matters for arbitration, that the arbitrators’ awards dismissing the claims as barred by *29 the statute of limitations were not based on the evidence and that it was arbitrary and capricious for the arbitrators to dismiss the claims since State Farm timely sought reimbursement of the no-fault payments it made within three years of its arbitration demand (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214 [1996]; Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175 [1986]; Matter of Budget Rent-A-Car [State Ins. Fund], 237 AD2d 153 [1997]; Allcity Ins. Co. v American Tr. Ins. Co., NYLJ, Feb. 8, 2000, at 28, col 3 [App Term, 2d & 11th Jud Dists]).
Upon a review of the record, we note that although some of State Farm’s payments may be time-barred, others were made within three years of its arbitration demand. Moreover, inasmuch as the parties had a “full and fair” opportunity to litigate this issue, the foregoing determinations were binding on the court below and its May 2002 order erroneously fails to abide by the law of the case (see People v Evans, 94 NY2d 499, 502 [2000], rearg denied 96 NY2d 755). Moreover, in Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co. (89 NY2d 214 [1996], supra), the Court of Appeals determined that the controlling factor in ascertaining whether to apply the arbitrary and capricious standard is if the arbitration is compulsory pursuant to a statutory mandate (id. at 219-220). To the extent that Matter of Allstate Ins. Co. (Clarendon Natl. Ins. Co.) (259 AD2d 971 [1999]) is inconsistent with the Court of Appeals decision in Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co. (supra), it is not governing.
Furthermore, while we recognize the right of State Farm to pursue sanctions, we deem the issue concerning the implicit denial by the court below of that branch of State Farm’s petition seeking the imposition of sanctions against Arbitration Forums, Inc. abandoned since State Farm failed to raise said issue in its appellate brief (see Baliva v State Farm Mut. Auto. Ins. Co., 286 AD2d 953, 955 [2001]).
Patterson, J.P, Golia and Rios, JJ., concur.