Golia, J.,
concurs in the following memorandum: In this concurring opinion, I wish to address the conduct of the respondent, respondent’s counsel and Arbitration Forums, Inc. for persisting in their defiance of this court’s prior ruling concerning this identical issue which has been previously specifically addressed (see Allcity Ins. Co. v Eagle Ins. Co., 1 Misc 3d 41 [2003]).
Counsel for respondent as well as respondent (and indeed Arbitration Forums, Inc.) were fully aware of the herein decisions of the Civil Court (both Ritholtz and Kerrigan, JJ.) when they argued before the arbitrator, for the third time, that the petition should be dismissed on statute of limitations grounds, after the above two Civil Court decisions found the direct opposite. (I do, however, note the lower court’s [Kerrigan, J.] decision erroneously reversed itself after the third petition.) Nonetheless, they further disregarded a decision of the Civil Court when they attempted to circumvent that court’s ruling by applying directly to the Supreme Court for an order confirming the finding of the arbitrator rather than appealing the order of the Civil Court if they believed it was incorrect.
The willful and contumacious conduct, and the arrogance to the extreme of those mentioned above, warrant sanctions. Unfortunately, the appellant failed to preserve for review by the Appellate Term the application for sanctions on the grounds of *28 “forum shopping.” If that issue had been preserved, I would recommend the imposition of such sanctions. That the respondent continues to raise the issue of the statute of limitations as a defense and that Arbitration Forums continues to make such decisions, previously found to be arbitrary and capricious, needs to be addressed. In addition, I would recommend in the strongest terms possible that the petitioner’s bar seek sanctions as against Arbitration Forums, Inc. and any counsel, staff or otherwise, that persists in consciously disregarding court rulings and continue to dismiss inter-company no-fault arbitrations on statute of limitations grounds based upon the demand for arbitration being made more than three years from the date of the accident even though it was less than three years from the date of the first no-fault payment.
I do not countenance the Appellate Term’s decisions or the decisions of the Civil Court being willfully ignored by a private arbitration company or counsel who appear before such forums.
Pesce, EJ., and Rios, J., concur; Golia, J., concurs in a separate memorandum.