OPINION OF THE COURT
Bernice D. Siegal, J.
Motion by petitioner to vacate an arbitration award on the grounds that Arbitration Forums, Inc. has not only misapplied the statute of limitations three times but has flouted an order of this court, and for the imposition of sanctions against respondent Arbitration Forums, Inc. for such contumacious and frivolous behavior is granted to the extent of vacating said arbitration award, remanding the matter for a new hearing before yet another arbitrator and setting the matter of sanctions against Arbitration Forums, Inc. and Eagle Insurance Company down for a hearing on September 27, 2004 at 9:30 a.m. in Part 39 of this court with memoranda of law to be served upon opposing counsel and filed with the court on or before September 20, 2004. The court, sua sponte, extends the matter of the imposition of sanctions to also apply against Eagle Insurance Company as, in light of the law of the case and clear decisional law to the contrary, Eagle opposed the petition to vacate and cross-moved to confirm the erroneous award. The court recognizes that in opposition to the petition, Arbitration Forums, Inc. has indicated that it will vacate the award and reopen the arbitration. Relief *549 for petitioner, however, remains contingent. Should, such vacatur indeed occur prior to the entry of this judgment, it is understood that the portion of the within motion respecting the vacating of the award would be moot. However, the issues of whether this court has the authority to impose sanctions upon Arbitration Forums, Inc. and, if so, does Arbitration Forums’ action warrant such punishment, would be nonetheless ripe for review and require a reasoned response. Additionally, respondent’s cross motion to confirm on the grounds that the misapplication of the statute of limitations is not sufficient grounds to vacate an arbitrator’s decision is unavailing and is denied in all respects.
Petitioner, the assignee of an individual allegedly injured in a motor vehicle accident by the respondent’s insured, initially sought reimbursement pursuant to 11 NYCRR 65.10 through compulsory arbitration required for PIP loss transfer. In its initial decision dated October 13, 1998, Arbitration Forums held that the petitioner failed to prove liability in that it commenced the arbitration more than three years from the date of loss. Petitioner argued that the correct statute of limitations should have been three years from the date of first payment. The award was eventually vacated by the Appellate Term, by order dated October 20, 2000, holding that the imposition by the arbitrator of the wrong statute of limitations was arbitrary and capricious and remanded the matter for a new hearing before another arbitrator. The matter was set down for a new hearing, whereupon it was dismissed by the arbitrator on May 15, 2001 upon the same grounds. The court again vacated the arbitration award as the award was “based on an erroneous application of the statue [sic] of limitations” on or about September 10, 2001. The matter was once again submitted for arbitration and once again, on July 15, 2003, the arbitration award was granted in favor of respondent on the grounds that “no fault statue [sic] based on 3 yrs from date of loss not date of 1st payment.”
Scope of Review
The scope of review of compulsory arbitration decisions has long been held to be clearly beyond the restrictions en-grafted in CPLR 7511. In 1980, the Second Department held that “[t]he test thus applicable for review of no-fault arbitrations where error of law is in issue is . . . whether any reasonable hypothesis can be found to support the questioned interpretation.” (Matter of Shand [Aetna Ins. Co.], 74 AD2d 442, 454 [2d Dept 1980].) The Court of Appeals further refined the test and held that where arbitration is mandatory, an award “must *550 have evidentiary support and cannot be arbitrary and capricious” (Matter of Motor Veh. Acc. Indent. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). Thus, the stricter standard imposed upon review of compulsory arbitration applies to the case at bar as the petitioner herein sought reimbursement of no-fault payments pursuant to Insurance Law § 5105 and New York State Insurance Regulations (11 NYCRR) § 65.10, entitled “Mandatory arbitration procedures for insurers, self-insurers and compensation providers under section 5105 of the Insurance Law.” Therefore, there is no question that the underlying arbitration was compulsory, derived from statute and not voluntary. Thus, the question of law is whether the imposition of a three-year statute of limitations from the date of the accident was arbitrary and capricious.
Statute of Limitations
CPLR 214 imposes a three-year statute of limitations and, specifically, CPLR 214 (2) imposes a three-year statute on liabilities imposed by statute.
The Court of Appeals noted almost one decade ago that in determining the applicability of CPLR 214 (2):
“[T]he pertinent inquiry is whether the statute creates a liability ‘for wrongs not recognized in the common or decisional law,’ and which would not exist but for the statute (State of New York v Cortelle Corp., 38 NY2d 83, 86; see, Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175; State of New York v Stewart’s Ice Cream Co., 64 NY2d 83, 88; Murphy v American Home Prods. Corp., 58 NY2d 293, 307; Siegel, NY Prac § 35, at 41 [2d ed]).” (Hartnett v New York City Tr. Auth., 86 NY2d 438, 444 [1995].)
Recently, the Fourth Department specifically held that in a loss transfer claim, which is statutorily created, the statute of limitations is governed by CPLR 214 (2) and “accrues on the date of payment of no-fault benefits to the claimant, because by then ‘all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain the relief in court.’ ” (Matter of Liberty Mut. Ins. Co. [Hanover Ins. Co.], 307 AD2d 40, 42 [4th Dept 2003] [citations omitted].) This is true in spite of the recent pronouncement of the Court of Appeals wherein it found that plaintiff insurer seeking reimbursement from the tortfeasor was foiled by a three-year statute of limitations from the date of the accident as “it involves a traditional *551 equitable subrogation, not a liability created by statute” (Allstate Ins. Co. v Stein, 1 NY3d 416, 422 [2004]).
Respondent Eagle’s reliance on Allstate v Stein is therefore misplaced. The case at bar is not one that involves “traditional equitable subrogation,” rather it involves loss transfer plucked from New York State’s No-Fault Law, between two insurers. As the rights and relationships between the parties were created by statute and did not exist in the common law, the statute of limitations found in CPLR 214 (2) must be applied.
Further, the issue of which statute of limitations to impose for mandatory no-fault arbitrations is not new to the appellate courts in this department or to these respondents. The Appellate Term has consistently held in both published and unpublished decisions during 2003 that the statute of limitations of three years from the date of payment is applicable in mandatory loss transfer arbitrations between carriers and failure to apply the correct statute of limitations is arbitrary and capricious. (State Farm Mut. Auto. Ins. Co. v Eagle Ins. Co., 6 Misc 3d 27 [App Term, 2d & 11th Jud Dists 2003]; All-city Ins. Co. v Eagle Ins. Co., 1 Misc 3d 41 [App Term, 2d & 11th Jud Dists 2003]; Allcity Ins. Co. v GEICO, 2003 NY Slip Op 50898[U] [App Term, 2d & 11th Jud Dists 2003].)
Moreover, as Allstate v Stein (supra) is not dispositive, the Appellate Term has spoken on this very dispute between these very parties, no appeal has been taken and, thus, its decision entered on October 20, 2000, wherein it held that the misapplication of the statute of limitations was arbitrary and capricious, remains the law of the case (see People v Evans, 94 NY2d 499 [2000]; Rubenfeld v Gambino, 289 AD2d 319 [2d Dept 2001]; Kowalski Enters. v Sem Intl., 278 AD2d 371 [2d Dept 2000]; Shroid Constr. v Dattoma, 250 AD2d 590 [2d Dept 1998]).
Accordingly, the motion by petitioner to vacate the arbitration award is granted with costs, but the demand for sanctions is set down for a hearing on September 27, 2004, including but not limited to evidence of attorney’s fees expended on petitioner’s behalf for the various arbitrations and petitions to vacate after the Appellate Term decision, with memoranda of law respecting the imposition of sanctions on both Arbitration Forums, Inc. *552 and respondent Eagle Insurance and its attorneys, including whether this court has the authority to impose sanctions in this matter and the basis therefor to be served and filed with the court prior to September 20, 2004. Respondent’s cross motion is denied in all respects.