*11 OPINION OF THE COURT
Per Curiam.
Order entered March 18, 2005, reversed, with $10 costs, and the matter remanded for a new trial.
In this action to recover assigned first-party no-fault benefits, the parties stipulated to defendant’s receipt of plaintiffs no-fault bills, the issuance of a timely denial by defendant, and that the sole defense was the lack of medical necessity for diagnostic computerized range of motion and muscle tests conducted by plaintiff. Defendant’s peer review doctor and trial expert testified that his peer review report and conclusion of lack of medical necessity were based upon a review of the records and reports prepared by plaintiff. Plaintiff moved to preclude the expert’s testimony on the ground that his testimony was based upon medical records not in evidence. The court granted plaintiffs motion to preclude and directed judgment in favor of plaintiff.
We reverse. Plaintiffs challenge to the reliability of the medical records and reports relied upon by defendant’s expert is unavailing given the fact that the records were prepared by plaintiffs own principal, who personally treated the assignor and conducted the tests in question (cf. Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984]). In these circumstances, plaintiff may not be heard to argue that defendant’s expert opinion was not derived from a “professional^] reliable” source or to otherwise challenge the reliability of its own medical records and reports. Moreover, defendant’s expert, in forming his opinion, relied upon the records only to the extent that they documented the assignor’s injuries, plaintiffs diagnosis and the treatment rendered.
Davis, J.P, Gangel-Jacob and Schoenfeld, JJ., concur.