*782 OPINION OF THE COURT
William A. Viscovich, J.
Plaintiff brought this action to recover no-fault payments totaling the sum of $1,559 for medical supplies provided to the insured/assignor on September 21, 2005 and on October 3, 2005, for treatment of alleged injuries sustained in a motor vehicle accident occurring on September 16, 2005, together with statutory interest, statutory attorneys fees and costs.
A previous decision by Judge Lebedeff of this court, issued on May 9, 2007, had determined that plaintiff had made out its prima facie case, that defendant’s NF-10 denial dated November 16, 2005 was timely issued, that said denial was based upon a peer review and that the only triable issue was as to the medical necessity of the items furnished to the assignor. The parties further stipulated at trial as to the expertise of the peer review doctor, Dr. Susan Corcoran, in internal medicine and to the introduction into evidence of the peer review itself.
Based upon Judge Lebedeff s previous finding regarding the plaintiffs prima facie case and the stipulation entered into by the parties, the plaintiff rested, thus shifting to the defendant insurer the burden of rebutting plaintiffs prima facie case of medical necessity.
The defendant called Dr. Corcoran who testified, in sum and substance, that there was no medical necessity for any of the supplies provided. Of particular relevance in this matter is that while the parties did stipulate to the admission of the peer review, they did not stipulate to the entrance into evidence of any of the underlying medical records and reports upon which the peer review was based. Nor did the defendant attempt to have them introduced even though they were relied upon by Dr. Corcoran in preparing both the peer review and her testimony.
After Dr. Corcoran’s testimony was completed, the defendant rested. Plaintiff presented no witnesses and also rested. Defendant then moved for a directed verdict of dismissal, arguing that the findings and opinions of Dr. Corcoran in her peer review and in her testimony were sufficient to demonstrate the lack of medical necessity for the supplies provided to the assignor and that they were not rebutted by the plaintiff.
Plaintiff opposed the motion, contending that pursuant to Wagman v Bradshaw (292 AD2d 84 [2d Dept 2002]) Dr. Corcoran’s testimony must be disregarded by this court since it was based upon medical records and reports that were not in evi *783 dence and for which there was no evidence presented regarding their reliability. (See Hambsch v New York City Tr. Auth., 63 NY2d 723 [1984].) Defendant countered that this court should apply the ruling of the Appellate Term, First Department, in Cross Cont. Med., P.C. v Allstate Ins. Co. (13 Misc 3d 10 [2006]), wherein the court held that a “plaintiff may not be heard to argue that defendant’s expert opinion was not derived from a ‘professional^] reliable’ source or to otherwise challenge the reliability of its own medical records and reports.” (Id. at 11.)
The court denied defendant’s motion for a directed verdict of dismissal, and reserved decision on the ultimate issue as to the medical necessity, or lack thereof, of the billed-for supplies, pending a determination as to the admissibility of Dr. Corcoran’s testimony.
For the reasons stated herein, the court now finds that the testimony of Dr. Corcoran regarding the various reports not in evidence is admissible. As such, judgment is made in favor of the defendant and the matter is dismissed.
“It is well settled that, to be admissible, opinion evidence must be based upon one of the following: first, personal knowledge of the facts upon which the opinion rests: second, where the expert does not have personal knowledge of the facts upon which the opinion rests, the opinion may be based upon facts and materials in evidence, real or testimonial; third, material not in evidence provided that the out-of-court material is derived from a witness subject to full cross-examination; and fourth, material not in evidence provided the out-of-court material is of the kind accepted by the profession as a basis in forming an opinion and the out-of-court material is accompanied by evidence establishing its reliability.” (Wagman v Bradshaw at 86-87.)
The Court of Appeals has held that an expert witness may testify that he or she relied on out-of-court material provided that it is of a kind generally accepted in the profession as reliable and there is evidence presented establishing the reliability of the out-of-court material referred to by the witness (Hambsch v New York City Tr. Auth., supra).
Clearly in this matter, the first three possible requirements are not relevant, thereby leaving this court to decide if, pursuant to Wagman, the material not in evidence, which was relied upon by defendant’s witness, is accompanied by any evidence establishing its reliability. Pursuant to Hambsch, the court must *784 also determine if the material in question is the kind accepted in the profession and if there has been any evidence presented establishing the reliability of those materials.
As to the Wagman issue, an initial interpretation of the testimony in relation to that case seems to indicate that the defendant offered no evidence as to the reliability of the documents relied upon, therefore requiring the court to disregard the testimony and thereby find in favor of the plaintiff. However, in addition to Cross Cont. Med., P.C. {supra), several recent cases in both the First and Second Departments, including the Appellate Term, First Department, seem to indicate that, at least in the context of no-fault first-party benefits, a plaintiff may not challenge the reliability of its own medical records which were relied upon by the insurer in preparing a peer review report.
First, in Home Care Ortho. Med. Supply, Inc. v American Mfrs. Mut. Ins. Co. (14 Misc 3d 139[A], 2007 NY Slip Op 50302[U] [App Term, 1st Dept 2007]), the Appellate Term, First Department, reversed a judgment in favor of the plaintiff in an action, as in the case here, brought by a medical goods supply company to recover assigned, first-party no-fault benefits. The lower court’s decision was at least partially based on its preclusion of the insurer’s expert’s testimony because it relied, at least in part, on a review of the assignor’s medical records. Following its previous decision in Cross Cont. Med., P.C. {supra), the court held that “[p]laintiff may not be heard to challenge the reliability of the assignors’ medical records and reports, which, in response to defendant’s verification requests, were affirmatively relied upon by plaintiff as proof of claim” (at *1).
Following the decision in Home Care Ortho Med. Supply, Inc. {supra), Judge Peter Sweeney of the Civil Court of the City of New York rejected the plaintiffs contention that the insured’s experts should have been precluded from basing their professional opinions, in part, on the information obtained from plaintiffs assignors during independent psychological examinations. Judge Sweeney went further in finding that
“the holding in Home Care Ortho. Med. Supply, Inc. is consistent with the legislative policy reflected in the numerous provisions of the No-Fault Law which provide for the prompt verification and disposition of claims (Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 222 [1996]; Presbyterian Hosp. in City of New York v Maryland Cas. Co., 90 *785 NY2d 274, 281 [1997]; Dermatossian v New York City Tr. Auth., 67 NY2d 219, 224-225 [1986]; Stephen Fogel Psychological, P.C. v. Progressive Cas. Ins. Co. 827 NYS2d 217, 220 (35 AD3d 720) [2nd Dep’t 2006])” (Primary Psychiatric Health, PC. v State Farm Mut. Auto Ins. Co., 15 Misc 3d 1111[A], 2007 NY Slip Op 50583[U], *3 [Civ Ct, Kings County 2007]).
Finally, in a very recent case, Andrew Carothers, M.D., P.C. v GEICO Indem. Co. (18 Misc 3d 1147[A], 2008 NY Slip Op 50546[U], *2 [Civ Ct, Kings County 2008]), the court, also citing Cross Cont. Med., P.C. (supra), actually permitted the plaintiff s medical records, which at least in part formed the basis of its peer review, to be admitted into evidence through its claims examiner as defendant’s business records. That court rejected plaintiffs argument that their admission was inappropriate since the claims examiner was incompetent to testify as to the reliability of the records as she had testified that they were received by the defendant from the treating physicians and she had no knowledge of how these doctors created or maintained their records in the regular course of business. While this court may not have extended the business records exception to the hearsay rule to such an extent, the holding is consistent with the holdings in the other cases referred to above.
As for the Hambsch requirement that the material be generally accepted in the profession as reliable and that there be evidence establishing its reliability, the cases referred to above clearly indicate that the plaintiff cannot be heard to challenge the reliability of the particular documents. As for the professional acceptability of these items, Dr. Corcoran testified that they were sufficient to form the basis of a peer review and her expertise was stipulated to by both parties. Without any testimony to the contrary, this court finds that the out-of-court documents relied upon by Dr. Corcoran in preparing her peer review and her testimony are of the type accepted in the profession as reliable.
As such, this court finds that the defendant has presented sufficient evidence to establish a defense based upon a lack of medical necessity, thus shifting the burden to the plaintiff to present its own evidence of medical necessity (see West Tremont Med. Diagnostic, P.C. v GEICO Ins. Co., 13 Misc 3d 131 [A], 2006 NY Slip Op 51871[U] [App Term, 2d & 11th Jud Dists 2006]). Plaintiff presented no evidence or testimony in this mat *786 ter, choosing instead to rely upon its argument made above and its cross-examination of Dr. Corcoran. Without more, this court finds that plaintiff has failed to refute defendant’s expert witness testimony and has failed to produce rebuttal evidence to prove the medical necessity of the medical supplies provided to its assignor.
Accordingly, judgment is hereby rendered for the defendant and plaintiffs complaint is dismissed.