**John Leslie HALES, Peter Gruner, Plaintiffs–Appellants,**

**v.**

**HSBC BANK U.S.A., N.A., formerly known as Republic National Bank Of New York, Defendant–Appellee.[1]**

**No. 08–3899–cv.**

United States Court of Appeals, Second Circuit.

Oct. 1, 2009.

---

1. We direct the Clerk of the Court to amend the official caption as noted.

Daniel P. Levitt, Scarsdale, N.Y. (Charles R. McCarthy, Jr., O'Connor & Hannan, LLP, Washington, DC, of counsel), for Plaintiffs–Appellants.

Paul K. Stecker, Phillips Lytle LLP, Buffalo, NY, for Defendant–Appellee.

Present: WALKER, ROBERT A. KATZMANN, and JANE R. ROTH,[2] Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants John Leslie Hales and Peter Gruner appeal from a judgment of the district court (Jones, *J.*), entered July 9, 2008, granting defendant's motion for partial summary judgment and dismissing (1) Hales' claim for violation of Article 9 of the New York Uniform Commercial Code ("U.C.C."); (2) Gruner's claim for breach of the settlement agreement; and (3) Hales' claim for breach of fiduciary duty. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's ruling on cross motions for summary judgment *de novo*, "in each case construing the evidence in the light most favorable to the non-moving party." *White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163, 167 (2d Cir.2007).

■ New York C.P.L.R. 214(2) provides a three-year statute of limitations for "an action to recover upon a liability, penalty, or forfeiture created or imposed by statute." For a liability to be created by statute, the statute "must impose a liability for wrongs not recognized in the common or decisional law." *Banca Commerciale Italiana v. N. Trust Int'l Banking Corp.*, 160 F.3d 90, 93–94 (2d Cir.1998) (internal

quotation marks omitted). As Hales' claim for breach of Article 9 of the U.C.C. seeks to recover damages not available at common law, it is time barred.

■ Hales argues that he did not know of the violation until 2007, after he filed suit in this case. However, the three year statute of limitations under N.Y. C.P.L.R. 214 begins to run once a cause of action accrues, or "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court." *See Motor Vehicle Accident Indemnification Corp. v. Aetna Cas. & Sur. Co.*, 89 N.Y.2d 214, 652 N.Y.S.2d 584, 674 N.E.2d 1349, 1352 (1996) (internal quotation marks omitted); *see also Bello v. New Eng. Fin.*, No. 15802–03, 2004 WL 1305515, *8 (N.Y.Sup.Ct. May 20, 2004) (cause of action under CPLR 214(2) accrues "when Plaintiff first suffers compensable injury"). In this case, the violations of Article 9 of the U.C.C. occurred in 2001 and 2002, more than three years before the suit was filed. When Hales discovered the violation is not relevant. *See Fine v. State*, No. M–69691, 2005 WL 3700727, *2–3 (N.Y.Ct.Cl. Nov. 15, 2005) (under CPLR 214(2), statute of limitations begins to run on the date of the tort, not the date of discovery). Therefore, the U.C.C. claim is time barred.

We agree with the district court's thorough and well-reasoned analysis of Gruner's claim for breach of the settlement agreement and Hales' claim for breach of fiduciary duty. Therefore, for the foregoing reasons, the judgment of the district court is AFFIRMED.

---

2. The Honorable Jane R. Roth of the United States Court of Appeals for the Third Circuit, sitting by designation.