■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent, v JOSE MARTE, Respondent-Appellant. [983 NYS2d 426]—

In a proceeding pursuant to CPLR article 75, the New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated May 23, 2012, as denied its petition to vacate an arbitration award and granted that branch of the cross petition which was to confirm the award, and Jose Marte cross-appeals from so much of the same order as denied that branch of his cross petition which was for an award of sanctions, an attorney's fee, and costs pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, without costs or disbursements.

"To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *see Matter of Scottsdale Ins. Co. v Motor Veh. Acc. Indem. Corp.*, 107 AD3d 1003, 1003 [2013]). Here, the arbitrator's findings that the claimant sustained a serious injury within the meaning of Insurance Law § 5102 (d), and was entitled to a certain award, had a rational basis in the record and were not arbitrary and capricious.

The Supreme Court properly denied that branch of the claimant's cross petition which was for an award of sanctions, an attorney's fee, and costs because the petition was not frivolous within the meaning of 22 NYCRR 130-1.1 (c).

We decline the petitioner's request to impose a sanction upon the claimant for pursuing an allegedly frivolous cross appeal (*see* 22 NYCRR 130-1.1). Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.