Matter of Progressive Advanced Ins. Co. v New York City Tr. Auth. (2018 NY Slip Op 07432)





Matter of Progressive Advanced Ins. Co. v New York City Tr. Auth.


2018 NY Slip Op 07432


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-05319
 (Index No. 706737/16)

[*1]In the Matter of Progressive Advanced Insurance Company, appellant, 
v
New York City Transit Authority, respondent.


Carman, Callahan & Ingham, LLP, Farmingdale, NY (James M. Carman and Paul Barrett of counsel), for appellant.
Jones Jones LLC, New York, NY (Jacqueline R. Mancino of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 5, 2016, the petitioner appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered February 3, 2017. The order denied the petition to vacate the arbitration award.
ORDERED that the order is affirmed, with costs.
This appeal involves an award pursuant to the mandatory arbitration provision of Insurance Law § 5105, which governs certain disputes regarding loss transfers between insurers and compensation providers. The respondent, New York City Transit Authority (hereinafter NYCTA), sought reimbursement from the petitioner, Progressive Advanced Insurance Company (hereinafter Progressive), for workers' compensation benefits that NYCTA had paid in lieu of first party benefits. NYCTA paid the funds to its employee, who was a passenger in an NYCTA vehicle that was involved in a collision with a vehicle operated by Progressive's insured. Progressive admitted that its insured was 100% at fault in the happening of the collision; the only issue at arbitration related to the amount of damages NYCTA was entitled to recoup pursuant to the loss transfer provision.
The arbitrator determined that a 20% no-fault offset set forth in Insurance Law § 5102(b) did not apply to the workers' compensation wages portion of the benefits NYCTA had paid, because a one-third offset had already been applied to the wages pursuant to the Workers' Compensation Law. Progressive commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award, and the Supreme Court denied the petition. Progressive appeals.
To be upheld, an award in a compulsory arbitration proceeding such as this one (see Insurance Law § 5105[b]) "must have evidentiary support and cannot be arbitrary and capricious" (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; see Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d 40, 45-46). "Moreover, with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether any reasonable hypothesis can be found to support the questioned interpretation'" (Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d at 46, quoting Matter of Shand [Aetna Ins. Co.], 74 AD2d 442, 454 [emphasis in original]; see [*2]Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.], 49 NY2d 757, 758).
Here, the arbitrator's determination was supported by a "reasonable hypothesis" and cannot be said to be arbitrary or capricious (Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d at 46; see Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.], 49 NY2d at 758-759).
Accordingly, we agree with the Supreme Court's determination to deny the petition to vacate the arbitration award.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court