O'Shea v Allstate Ins. Co. (2023 NY Slip Op 01900)

O'Shea v Allstate Ins. Co.

2023 NY Slip Op 01900

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-06940
 (Index No. 54454/20)

[*1]Chantel O'Shea, etc., appellant, 
v
Allstate Insurance Company, respondent.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated February 26, 2020, the petitioner appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated September 2, 2020. The order denied the petition to vacate the arbitration award and confirmed the arbitration award.
ORDERED that the order is affirmed, with costs.
The petitioner commenced the instant proceeding pursuant to CPLR article 75 to vacate an arbitration award dated February 26, 2020, which denied her claim for supplementary underinsured motorist (hereinafter SUM) benefits. The Supreme Court denied the petition and confirmed the arbitration award. The petitioner appeals.
"Since a claim by an insured against an insurance carrier under a SUM endorsement is subject to compulsory arbitration, the arbitrator's award is subject to closer judicial scrutiny than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties" (Matter of Merchant v State Farm Ins. Co.-SUM, 181 AD3d 803, 803; see Matter of Deluca v Arch Ins. Group, 109 AD3d 912, 913). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; see Matter of Wesco Ins. Co. v GEICO Indem. Co., 211 AD3d 738, 739; Matter of Merchant v State Farm Ins. Co.-SUM, 181 AD3d at 803). Here, the determination of the arbitrator had evidentiary support and was not arbitrary and capricious (see Matter of O'Neill v GEICO Ins. Co., 162 AD3d 776, 778; Matter of Deluca v Arch Ins. Group, 109 AD3d at 913).
Accordingly, the Supreme Court properly denied the petition to vacate the arbitration award and confirmed the arbitration award.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court