Matter of State Farm Mut. Auto. Ins. Co. v New York Black Car Operators' Injury Compensation Fund (2024 NY Slip Op 04268)

Matter of State Farm Mut. Auto. Ins. Co. v New York Black Car Operators' Injury Compensation Fund

2024 NY Slip Op 04268

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-04828
 (Index No. 612046/21)

[*1]In the Matter of State Farm Mutual Automobile Ins. Co., etc., appellant, 
v
New York Black Car Operators' Injury Compensation Fund, etc., et al., respondents.

McDonnell Adels & Klestzick, PLLC, Garden City, NY (Jannine A. Gordineer of counsel), for appellant.
Gottlieb Ostrager LLP, Islandia, NY (Aaron E. Meyer and Anastasya Nabatova of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 22, 2021, the petitioner appeals from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), dated May 5, 2022. The judgment, upon an order of the same court dated April 18, 2022, denying the petition and confirming the arbitration award, is in favor of the respondent New York Black Car Operators' Injury Compensation Fund and against the petitioner in the principal sum of $35,523.21.
ORDERED that the judgment is affirmed, with costs.
In September 2017, Alexander Dominguez was injured when he was involved in a motor vehicle collision while operating a vehicle bearing a New York City Taxi and Limousine Commission license plate and registered as a for-hire vehicle. New York Black Car Operators' Injury Compensation Fund (hereinafter Black Car Fund) paid workers' compensation benefits to Dominguez for his injuries. In a compulsory arbitration proceeding pursuant to Insurance Law § 5105(b), Black Car Fund sought to recover from State Farm Mutual Automobile Ins. Co. (hereinafter State Farm) the benefits paid to Dominguez. In an arbitration award dated June 22, 2021, the arbitrator determined that State Farm, as the insurer of the other vehicle involved in the collision, was liable for the benefits paid to Dominguez.
In September 2021, State Farm commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award, and, in an order dated April 18, 2022, the Supreme Court denied the petition, and confirmed the arbitration award. A judgment dated May 5, 2022, was subsequently entered upon the order in favor of Black Car Fund and against State Farm. State Farm appeals.
"Where, as here, the obligation to arbitrate arises through a statutory mandate, the arbitrators' determination is subject to closer judicial scrutiny under CPLR 7511(b) than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties" (Matter of Zurich Am. Ins. v Hereford Ins. Co., 173 AD3d 880, 881 [internal quotation marks omitted]; see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; [*2]Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d 633, 634). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 223; see O'Shea v Allstate Ins. Co., 215 AD3d 758, 759; Matter of Wesco Ins. Co. v GEICO Indem. Co., 211 AD3d 738, 739; Matter of Fiduciary Ins. Co. v Am. Bankers Ins. Co. of Florida, 132 AD3d 40, 46). Contrary to State Farm's contention, the determination of the arbitrator had evidentiary support and was not arbitrary and capricious (see Matter of Wesco Ins. Co. v GEICO Indem. Co., 211 AD3d at 739; Matter of O'Neill v GEICO Ins. Co., 162 AD3d 776, 778; Matter of Allstate Ins. Co. v New York Petroleum Assn. Compensation Trust, 104 AD3d 682, 682).
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court